| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | ASSIGNMENT OF JUDGMENT |
| COUNTY OF GREENVILLE ) | |

2004 JUN -2 A 11: 22

FILED CLERK OF COURT
GREENVILLE S.C.

The undersigned, Eileen M. Dempsey, as Personal Representative of the Estate of Geraldine McCarthy, does hereby grant, assign and transfer to Eileen Dempsey and Maureen McCarthy, that certain judgment rendered to the Estate of Geraldine McCarthy to be recovered from Respondent George McCarthy (Case No. 99ES2301377 in Order of Greenville County Probate Court dated March 20, 2001) and recorded in the judgment roll for the Clerk of Court's Office for Greenville County on __29th__ day of _____August_____, 2003.(Case No. 03CP2305929)

In witness thereof, the undersigned has executed this assignment on __26th__ day of __May__, 2004.

_____  
Witness (Marie C. Bell)

_____  
Witness (Suzanne B. Woodruff)

_____  
Eileen Dempsey  
Personal Representative  
Of the Estate of Geraldine McCarthy

| | |
|---|---|
| STATE OF ILLINOIS ) | |
| ) | PROBATE |
| COUNTY OF __Cook__ ) | |

PERSONALLY appeared before me the undersigned witness who on oath states the (s)he saw the within named __EILEEN DEMPSEY__ sign, seal and as its act and deed deliver the foregoing Assignment of Judgment and that (s)he along with the other subscribed witness above witnessed the execution thereof.

SWORN to before me this __26th__  
Day of __May__, 2004

_____  
(Marie C. Bell)

_____  
Notary Public for ILLINOIS  
My Commission Expires: 6/26/07

OFFICIAL SEAL  
LEONARD F KOLODZIEJ  
NOTARY PUBLIC - STATE OF ILLINOIS  
MY COMMISSION EXPIRES:06/26/07

GROUP EXHIBIT

4

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF GREENVILLE | IN THE COURT OF PROBATE<br>Case No. 99ES2301337 |

Eileen Dempsey, Petitioner,     vs.     George McCarthy, Respondent

### CHECK ONE:

☐ **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT.** This action came to a hearing before the Court. The issues have been heard and a decision rendered.

☐ **ACTIONS DISMISSED.** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41, SCRCP; ☐ Rule 43(k), SCRCP; ☐ Other:

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Other:

**IT IS ORDERED AND ADJUDGED:** ☒ See attached order; ☐ Statement of Judgment by the Court:

Dated at Greenville, South Carolina, this 27th day of August, 2003.

*Hon. Debora A. Faulkner*
PRESIDING JUDGE

This judgment was entered on the 27th day of August, 2003, and a copy mailed first class this 28th day of August, 2003, to attorneys of record and pro se parties as follows:

R. O'Neil Rabon, Jr.
P. O. Box 10766
Greenville, SC 29603
Attorney for Petitioner

George McCarthy
1 Coventry Lane
Greenville, SC 29609
Respondent

*Sheryll L. Smith*
Judicial Assistant, Probate Court
Greenville County, S. C.
(864) 467-7179

SCRCP - Form 4; Revised 2/96

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE PROBATE COURT |
| ) | CASE NO. 99ES2301337 |
| COUNTY OF GREENVILLE ) | |
| ) | 03 CP 23 05929 |
| IN RE: ESTATE OF ) | |
| GERALDINE M. MCCARTHY, ) | FILED |
| DECEASED ) | AUG 27 2003 |
| ) | Greenville County |
| EILEEN DEMPSEY, ) | ORDER     Probate Court |
| PETITIONER ) | |
| VS. ) | |
| GEORGE MCCARTHY ) | |
| RESPONDENT ) | |

Date of Hearing: July 15, 2003
Presiding Judge: Debora A. Faulkner
Attorney(s) Present: R. O'Neil Rabon, Jr.
Attorney for Petitioner

This matter was initiated upon the filing of a Petition by Eileen Dempsey seeking, *inter alia*, a finding of contempt by the court against George McCarthy. The Respondent was duly served and given notice of the hearing by publication. No appearance has been made by the Respondent as to this Petition.

A hearing was held before me in the Probate Court for the County of Greenville, State of South Carolina. Present was the Petitioner, Eileen Dempsey, represented by R. O'Neil Rabon, Jr., of the Greenville Bar.

Based on the pleadings and testimony provided, I find as follows:

1. Petitioner is the duly named Personal Representative of the estate referenced above. Respondent George McCarthy is a resident of the County of Greenville, State of South Carolina. Although filed as captioned above, Petitioner brings this action on behalf of the estate in her capacity as Personal Representative, and the court allowed this amendment to the pleadings.

2. Respondent George McCarthy filed a Last Will and Testament for record with the Probate Court for the County of Greenville, State of South Carolina, on July 23, 1999, as well as a "Small Estate Affidavit", listing only two assets, interests in certain oil and gas investments totaling $2,000.00. Moreover, he submitted only two heirs: the Respondent and his sister, Maureen McCarthy. The Will, later determined by this Court to be invalid, was knowingly submitted as invalid by the Respondent.

3. In response to a directive of the court, Respondent submitted a listing of other property of the estate, although he has provided no accounting of his activities on



1

behalf of his mother prior to her death or on behalf of the estate. He has also failed to produce or make available the personal property in his possession.

4. The Respondent has not appeared or filed any response to this action.

5. The Petitioner testified that the assets of her mother included furniture, jewelry, crystal, china and other items with a value of $35,000.00. She was aware of her mother's property prior to her mother's death and at the time of her death. The items were of "high quality" and her mother had cared for them during her lifetime.

6. Additionally, there appears to be some portion of the oil and gas interests that have not been disbursed to the Respondent or Maureen, although some portion has been disbursed between the two.

Based on these findings, I conclude as follows:

1. This matter is properly before the Court, and the Court has jurisdiction over the parties to this action. This does not extend to Maureen McCarthy, who was not made a party to this action.

2. The record in this estate is troublesome to the Court. Not only has the Respondent submitted an invalid will, but he has also submitted an affidavit that is blatantly false, as evidenced by the submission of a listing of personal property in the Respondent's own hand that was not included in the original affidavit. This constitutes an effort to perpetrate a fraud upon the Court. Moreover, he has failed to comply with the previous order of the Court as to an accounting and making the personal property available to the Personal Representative. He is in contempt of this Court.

3. I find that the Respondent's failures warrant the issuance of a money judgment against him in the sum of $23,200.00 in favor of the estate. This represents 2/3 of the personal property value of $35,000.00 as testified by the Petitioner. This amount has been offset by 1/3 which represents the portion he would have received from the estate. I find this value to be reasonable and uncontroverted by any evidence. The Respondent shall not be entitled to any portion of this sum when it is disbursed from the estate.

4. I find that the Petitioner's attorney's fees and costs in the sum of $6,713.13 as submitted by the affidavit of R. O'Neil Rabon, Jr., are reasonable under the circumstances of this case and further order that, due to the actions of the Respondent in requiring additional fees and costs as a result of his fraudulent activity, the payment of this sum shall be the responsibility of the Respondent, and shall be added to the judgment in favor of the estate.

2

5. I find that the Personal Representative shall be specifically empowered to direct the disbursement of the funds in the oil and gas funds to be paid to the estate. However, in the event that monies have already been disbursed to the Respondent and/or Maureen, the Petitioner is directed to have an equivalent portion paid directly to her personally. The intent is that the Petitioner receive a share equal to her siblings, but to receive and account for any amount over that which would otherwise belong to the estate or her siblings.

6. Finally, I fine the Respondent $1,000.00 for his failure to comply with the previous order of the Court.

It is therefore ordered, adjudged and decreed:

1. Judgment is hereby rendered in favor of the estate against George McCarthy in the sum of $30,713.13; to be filed in the judgment roll at the Office of the Clerk of Court for Greenville County and to accrue interest at the legal rate until paid in full;

2. The Personal Representative shall take action as outlined above with regard to the oil and gas account.

3. The Personal Representative shall take steps to close the estate as soon as possible.

**IT IS SO ORDERED**

DEBORA A. FAULKNER
PROBATE COURT JUDGE

August 27, 2003
Greenville, South Carolina

I ATTEST A TRUE COPY

#3

Clerk, Probate Court
Greenville County, S. C.

3