# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In the matter of | ) | CHAPTER 7 |
| | ) | |
| RICHARD RYAN DEMPSEY and | ) | Case No. 08 B 33951 |
| EILEEN M. DEMPSEY, | ) | |
| | ) | |
|    Debtors, | ) | JUDGE JACQUELINE P. COX |
| _____ | ) | |
| | ) | |
| GEORGE J. MCCARTHY, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 489 |
| | ) | |
| RICHARD R. DEMPSEY, and | ) | |
| EILEEN M. DEMPSEY | ) | Hearing: Sept. 24, 2009 at 10:00 a.m. |
|    Defendants. | ) | |

## NOTICE OF MOTION

To: See attached service list

PLEASE TAKE NOTICE that on <u>September 24, 2009 at 10:00 a.m.</u>, or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Jacqueline P. Cox or any other Judge sitting in her stead, in Courtroom 619, Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL, and shall then and there present the Debtors' **Motion to Dismiss Count II of Adversary 09 A 489**, a copy of which is enclosed and is herewith served upon you, and at which time and place you may appear and be heard.

                                                               /s/ Forrest L. Ingram

Forrest L. Ingram, #3129032
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838

## CERTIFICATE OF SERVICE

I, Forrest L. Ingram, an attorney, certify that I have served a true and correct copy of the above and foregoing notice and the documents to which it refers on those whose names appear on the attached service list by electronic case filing on September 15, 2009.

                                                               /s/ Forrest L. Ingram

## SERVICE LIST

**By ECF Notice:**

**George J McCarthy**
**c/o Thomas R. Stilp**
Messer & Stilp, Ltd.
166 West Washington
Suite 300
Chicago, IL 60602
stilp@messerstilp.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In the matter of | ) | CHAPTER 7 |
| | ) | |
| RICHARD RYAN DEMPSEY and | ) | Case No. 08 B 33951 |
| EILEEN M. DEMPSEY, | ) | |
| | ) | |
|    Debtors, | ) | JUDGE JACQUELINE P. COX |
| _____ | ) | |
| | ) | |
| GEORGE J. MCCARTHY, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 489 |
| | ) | |
| RICHARD R. DEMPSEY, and | ) | |
| EILEEN M. DEMPSEY | ) | Hearing: Sept. 24, 2009 at 10:00 a.m. |
|    Defendants. | ) | |

**DEBTORS' MOTION TO DISMISS COUNT II OF ADVERSARY NO. 09 AP 489**

NOW COME the Defendants-Debtors, Richard and Eileen Dempsey, ("Debtors") by and through their attorneys at Forrest L. Ingram, P.C., and for their Motion to Dismiss Count II of Adversary No. 09 AP 489, pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

1. George McCarthy ("Plaintiff") brings Count II of his adversary under 11 U.S.C. § 523(a)(18).

2. The relevant section reads as follows:

   **(a)** "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   **(18)** owed to a pension, profit-sharing, stock bonus, or other plan established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986, under--
       **(A)** a loan permitted under section 408(b)(1) of the Employee Retirement Income Security Act of 1974, or subject to section 72(p) of the Internal Revenue Code of 1986; or

>  **(B)** a loan from a thrift savings plan permitted under subchapter III of chapter 84 of title 5, that satisfies the requirements of section 8433(g) of such title;

but nothing in this paragraph may be construed to provide that any loan made under a governmental plan under section 414(d), or a contract or account under section 403(b), of the Internal Revenue Code of 1986 constitutes a claim or a debt under this title;" 11 U.S.C. 523(a).

3. Plaintiff wishes to recover money loaned to Debtor that allegedly originated with the Khalsa Corporation Profit Sharing Plan ("Khalsa"). (See ¶ 72 of Complaint).

4. Plaintiff alleges that Plaintiff withdrew the money from his pension plan and then loaned the pension money to Debtor. (¶¶ 76, 77, 80, 83, 86, 89, and 92 of Complaint).

5. At no point, however, does Plaintiff allege Debtor was a member or beneficiary of Khalsa.

6. 11 U.S.C. § 523(a)(18), however, only applies to members of the profit sharing group.

7. First of all, the money must not only be owed to a profit-sharing plan, but also must be under a loan as described subsections A or B of 523(a)(18).

8. Subsections A and B describe loans against plans taken out by a participant or beneficiary of the plan. They do not discuss loans made to third parties.

9. Furthermore, "[a]lmost all of the courts have held that retirement plan loans are not bankruptcy debts subject to discharge, primarily based on the rationale that the monies "borrowed" are merely advances from the debtor's own retirement fund which will be deducted from the fund if the debtor does not replace the funds. In enacting section 523(a)(18), Congress has not unequivocally settled the conceptual issue but, instead, has taken a functional approach. Regardless of

whether a debtor's obligation to repay a loan from the covered retirement plans or accounts is a debt within the meaning of the Code, the obligation is not dischargeable." *Eisen v. Thompson*, 370 B.R. 762, 710 (N.D. Ohio 2007).

10. As described in *Eisen*, the non-dischargeable obligation only refers to a debtor who has advanced his own retirement fund.

11. In the case at hand, Plaintiff is the one who advanced his own retirement fund and then loaned the money to Debtor.

12. At no time was Debtor a member or beneficiary of the Khalsa Corporation Profit Sharing Plan.

13. The loans made to Debtor were not loans permitted under section 408(b)(1) of the Employee Retirement Income Security Act of 1974, or subject to section 72(p) of the Internal Revenue Code of 1986, or a loan from a thrift savings plan permitted under subchapter II of chapter 84 of title 5.

14. The loans were made by Plaintiff, as an individual, to Debtor.

15. Simply put, 523(a)(18) has nothing to do with the allegations contained in Count II of the Adversary.

16. The facts asserted by Plaintiff fail to state a claim upon which relief can be granted.

17. If this Court should somehow determine that the loans to Debtor do satisfy the requirements of 11 U.S.C. 523(a)(18), Count II should still be dismissed.

18. Khalsa did not file a proof of claim in this case and the date for filing such proof of claim has passed.

19. Thus, Khalsa has no standing to sue Debtor alleging non-dischargeability of debt.

20. If Debtor owed a debt to Khalsa, Khalsa had to file an advesary to have the debt declared non-dischargeable.

21. However, Plaintiff is an individual, not a plan listed under § 523(a)(18).

22. Thus, Plaintiff has no standing to bring this adversary.

23. Furthermore, in Count II, Plaintiff relies on a judgment entered in the state court in the case of *George J. McCarthy v. Chillicothe Construction Company, Inc., an Illinois Corporation, Richard Dempsey, Lakeside Corporation of Mount Dora, Inc., a Florida corporation, Eileen M Dempsey and Demhoff Corp., respondent in Discovery*, DuPage County Circuit Court No. 00 L 933.  (¶ 109 of Complaint).

24. In that case, just as in this Adversary, Plaintiff filed as an individual.

25. Clearly, the Plaintiff is seeking relief as an individual and not on behalf of Khalsa.

**WHEREFORE**, Debtors respectfully request that this Court dismiss Count II of this adversary with prejudice, and grant Debtors such other and further relief as may be just.

        Respectfully submitted,

        Richard Dempsey and
        Eileen Dempsey

        By:    /s/ Forrest L. Ingram
                One of their attorneys

Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838