IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re matter of | ) | CHAPTER 7 |
| | ) | |
| RICHARD RYAN DEMPSEY and | ) | NO. 08 B 33951 |
| EILEEN M. DEMPSEY, | ) | |
| | ) | |
| Debtors, | ) | JUDGE JACQUELINE P. COX |
| | ) | |
| | ) | |
| GEORGE J. MCCARTHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 489 |
| | ) | |
| RICHARD M. DEMPSEY, and | ) | |
| EILEEN M. DEMPSEY, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO DEBTORS' MOTION TO DISMISS COUNT II
OF ADVERSARY NO. 09 A 489**

NOW COMES the Plaintiff, GEORGE J. MCCARTHY ("George McCarthy"), by and through his attorneys, Messer & Stilp, Ltd., and for his Response to Defendants-Debtors', RICHARD R. DEMPSEY ("Richard Dempsey") and EILEEN M. DEMPSEY ("Eileen Dempsey)(collectively, "Defendants"), Motion to Dismiss Count II of Adversary No. 09 A 489 ("Motion to Dismiss"), states as follows:

**Introduction.**

George McCarthy filed a two count adversary complaint against the Defendants. Count I seeks to have the Defendants' discharge denied entirely pursuant to 11 U.S.C. § 727(a). Defendants represented to this Court that they received no income from employment or from the operation of business in the two years immediately preceding

the filing the bankruptcy petition. (Adversary Complaint to Determine Dischargeability of Debt under 11 U.S.C. §727(a) and 11 U.S.C. §523(a)(18), ¶ 7 ("Complaint, ¶ __")) Further, Defendants represented that their only income in the two years preceding the bankruptcy filing was from social security and from oil royalties totaling approximately $17,000.00 per year. (Complaint, ¶ 8) During the Defendants' 2004 Examination, the Defendants admitted that they were receiving between $200,000.00 and $300,000.00 per year in the two years preceding their bankruptcy filing, that they were involved with, and personally benefited from a $2,000,000.00 sale in real estate, that they had a 50% ownership interest in bar in southern Illinois, and that they had officer positions in downstate entities. (Complaint, ¶¶ 15-16, 25-29, 30-36, 42) Despite representing in their initial bankruptcy filings that they were only making approximately $17,000 per year, they were in fact making hundreds of thousands of dollars per year and had interests in businesses and other interests that had assets in the millions of dollars.

Count II of the Adversary Complaint was brought pursuant to 11 U.S.C. § 523(a)(18) for the limited purpose of determining that the debt owed to George McCarthy is nondischargeable on the grounds that the debt owed to George McCarthy was for loans to his pension. Defendants' Motion to Dismiss only seeks the dismissal of Count II of the Adversary Complaint. Defendants previously filed an answer to Count I.

**Argument.**

Defendants have alleged that George McCarthy has no standing to sue on behalf of Khalsa Corporation Profit Sharing Plan ("Khalsa"). Debtors have further alleged that George McCarthy has not sufficiently pled his interest in Khalsa. Because the gravamen of George McCarthy's claims involves the direct injury to his profit sharing plan and

2

retirement funds, he has standing to bring this lawsuit. <u>Mann v. Kemper Financial Cos.</u>, 247 Ill.App.3d 966, 975, 618 N.E.2d 317 (1992) (citing <u>Zokoych v. Spalding</u>, 36 Ill.App.3d 654, 663, 344, N.E.2d 805 (1976)). Defendants' Motion should be denied.

The debt owed to George McCarthy arises out of a judgment obtained by George McCarthy in the Circuit Court of DuPage County, Illinois. That case was titled *George J. McCarthy v. Chillicothe Construction Company, Inc., an Illinois Corporation, Richard Dempsey, Lakeside Corporation of Mount Dora, Inc., a Florida corporation, Eileen M. Dempsey and Demhoff Corp., Respondent in Discovery*, DuPage County Circuit Court No. 00 L 933 ("DuPage case"). (Complaint, ¶ 109) The DuPage case was filed to collect George McCarthy's pension money which was held by Khalsa. Khalsa was a profit sharing plan that was owned by George McCarthy and held his pension money. (Complaint, ¶ 72) George McCarthy's entire pension from his earnings as a doctor was contained in Khalsa, and the money was loaned to Richard Dempsey to trade in the commodities market. Richard Dempsey never traded the pension money, and instead used the money for his own benefit. (Complaint, ¶ 98) Before Richard Dempsey promised to trade George McCarthy's money, the account was worth in excess of $1,250,000.00. (Complaint, ¶¶ 77, 80, 83, 86, 89, 92) Richard Dempsey's conduct left George McCarthy with nothing. Judgment was entered in favor of George McCarthy and against Richard Dempsey and Chillicothe Construction Company, Inc. in the amount of $2,500,000.00. (Complaint, ¶ 112)

Throughout the DuPage case, Defendants were represented by counsel. During that case, the Defendants moved to dismiss the lawsuit on the grounds that George McCarthy did not have standing to file suit on behalf of Khalsa. After the parties briefed

3

the issues and oral argument was heard the trial court ruled that George McCarthy had standing to sue on behalf of Khalsa. See DuPage County Circuit Court Order dated November 18, 2002 attached hereto as Exhibit A. George McCarthy had standing to sue on behalf of Khalsa because the case involved a direct injury to his pension money.

When wrongful acts are committed not only against the corporation but also the shareholder individually, the shareholder may maintain an action for injuries. Mann v. Kemper Financial Cos., 247 Ill.App.3d 966, 975, 618 N.E.2d 317 (1992) (citing Zokoych v. Spalding, 36 Ill.App.3d 654, 663, 344, N.E.2d 805 (1976)). Because the gravamen of George McCarthy's claim involves the direct injury to his profit sharing plan and retirement funds, he has standing to bring this lawsuit. Id.

In Mann, the plaintiff filed suit in order to recover damages resulting from fraud in connection with the management of the plaintiff's mutual fund investments. Mann, 247 Ill.App.3d at 968. The defendants alleged that plaintiff did not have standing to file individually and contended that the lawsuit could only be brought on behalf of the corporation. Id. at 973. The court rejected the defendant's argument because the gravamen of the plaintiff's lawsuit was the injury to the individual and not just the corporation. Id. at 984. A shareholder may maintain an action for individual claims and direct injuries. Id. at 975. Accordingly, the plaintiff had standing to sue the defendant.

In this case, George McCarthy has pled that he is the sole owner of Khalsa as follows:

> At all relevant times George McCarthy was the sole owner of the Khalsa Corporation Profit Sharing Plan.

(Complaint, ¶ 72) George McCarthy further pled that he was loaning his pension money to Richard Dempsey to invest. (Complaint, ¶¶ 73, 74, 76, 97, 98, 104) The Adversary

4

Complaint sufficiently alleges that the money in Khalsa was 100% owned by George McCarthy and that the money received by Richard Dempsey was George McCarthy's pension. Because this matter involves a direct injury to George McCarthy's pension money, Defendants' Motion to Dismiss should be denied.

Defendants have further claimed that 11 U.S.C. §523(a)(18) does not apply to the facts of this case. Particularly, Defendants state that they were never a member or beneficiary of the Khalsa profit sharing plan. (Motion to Dismiss, ¶ 12) The Defendants' Motion to Dismiss is contrary to pleadings filed in the DuPage case. Defendants filed affirmative defenses and other pleadings claiming they were to share in the profits of the pension plan. For example, attached hereto as Exhibit B is an Affirmative Defense, verified by Richard Dempsey, claiming that he was entitled "to share the profits in commodities trading accounts where [George McCarthy] was the account owner and/or beneficiary of said accounts" (Exhibit B, ¶ 1) While George McCarthy adamantly disputes that the Defendants were entitled to share in any profits of the Khalsa profit sharing plan, the Defendants cannot now claim they have no interest in the plan when they previously filed pleadings stating otherwise.

Further, as stated in *Eisen v. Thompson*, 370 B.R. 762, 771 (N.D. Ohio 2007), Congress has not settled all the issues related to 11 U.S.C. §523(a)(18). Richard Dempsey admitted that the money owed to George McCarthy was for loans owed to a pension plan. (Complaint, ¶ 117) In a case such as this, where the Defendant admits the amounts owed are for a pension plan, where a Defendant claimed to have an interest in the pension account, received loans evidenced by promissory notes, and then never repaid

5

the loans, the Plaintiff prays that the judgment entered in the DuPage case be held as nondischargeable pension debt.

WHEREFORE, George J. McCarthy prays that this Honorable Court grant deny the Motion to Dismiss, and granting such other and further relief as this Court deems just and appropriate.

                                            Respectfully submitted,

                                            GEORGE J. MCCARTHY

                                        By:    /s/ Thomas R. Stilp

Thomas R. Stilp ( #06198439)
John N. Bielski II (#6242527)
Messer & Stilp, Ltd.
166 W. Washington, Suite 300
Chicago, IL 60602
(312) 334-3445
(312) 334-3434 (Fax)
bielski@messerstilp.com
stilp@messerstilp.com

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached Motion was sent via facsimile and electronically filed with the Clerk of the Bankruptcy Court of the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to the following participants on the date indicated below:

>    Forrest L. Ingram, fingram@fingramlaw.com
>    Richard M. Fogel, Trustee, rfogel@shawgussis.com

DATE: October 27, 2009

>    Respectfully Submitted,
>
>    for the Plaintiffs
>
> By:    /s/ Thomas R. Stilp
>    Thomas R. Stilp ( #06198439)
>    John N. Bielski II (#6242527)
>    Messer & Stilp, Ltd.
>    166 W. Washington, Suite 300
>    Chicago, IL 60602
>    (312) 334-FIRM (3476)
>    (312) 334-3434 (Fax)
>    stilp@messerstilp.com
>    bielski@messerstilp.com

7

IN THE CIRCUIT COURT FOR THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, WHEATON, ILLINOIS

| | |
|---|---|
| GEORGE J. MCCARTHY, | ) |
| Plaintiff | ) |
| vs. | ) |
| CHILLICOTHE CONSTRUCTION COMPANY, INC., an Illinois Corporation; RICHARD DEMPSEY; LAKESIDE CORPORATION OF MOUNT DORA, INC., a Florida Corporation; EILEEN M. DEMPSEY; and DEMHOFF CORP., an Illinois corporation, Respondent in Discovery, | ) 00 L 933 |
| Defendants | ) |

## ORDER

The plaintiff filed an amended complaint. The defendant filed an answer, affirmative defenses and a counterclaim. The plaintiff has moved to dismiss the counterclaim, the first affirmative defense, the second affirmative defense, and the third affirmative defense.

The defendant has failed to plead damages and therefore a cause of action. The motion to dismiss the counter claim is granted.

The plaintiff has standing to sue and therefore the motion to dismiss the first affirmative defense is granted.

The defendant has adequately set forth an affirmative defense in the second affirmative defense. The motion directed toward that defense is denied.

The third affirmative defense is barred by the statute of limitations. The motion directed toward this defense is granted.

Dated: November 18, 2002

ENTER _____

EXHIBIT A

## DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

1. The Plaintiff GEORGE J. MCCARTHY and Defendant RICHARD DEMPSEY entered into an agreement to share the profits in commodities trading accounts where the Plaintiff was the account owner and/or beneficiary of said accounts.

2. Pursuant to the agreement, Counter-Plaintiff began trading and made substantial amounts of money.

3. As a result of this agreement, the Plaintiff owed the Defendant RICHARD DEMPSEY his share of the profits.

4. The Plaintiff GEORGE J. MCCARTHY advised the Defendants CHILLICOTHE and RICHARD DEMPSEY, that if Defendant CHILLICOTHE would execute the Promissory Notes attached as Exhibit A-F, the Plaintiff would tender the money pursuant to the Notes as payment for Defendant's share of the profits.

5. The Plaintiff GEORGE J. MCCARTHY also advised the Defendants that he would continue to renew the terms of the Notes indefinitely upon demand of Counter-Plaintiffs.

6. As a result of the Plaintiff's representations, the Defendant CHILLICOTHE, by its agent Defendant RICHARD DEMPSEY, executed the Notes attached as A-F.

7. Subsequent to executing the Notes, the Plaintiff tendered the money to the Defendant CHILLICOTHE.

8. The Defendant CHILLICOTHE returned over $400,000.00 to the Plaintiff and applied the remainder of the money toward the debts the Plaintiff owed the Defendant based on their agreement.

EXHIBIT B

9. Pursuant to their agreement, the Plaintiff renewed the Notes for another (5) years. (See Exhibits G-L.)

10. After the first renewal expired, instead of renewing the Notes again as promised, the Plaintiff sought to enforce the Notes and recover the full amounts of the Notes plus interest.

11. At all relevant times, the Defendants relied on the Plaintiff's fraudulent representations when they executed the Notes.

12. At all relevant times, the Plaintiff GEORGE MCCARTHY made the representations to the Defendants knowing that they were false and that the Defendants would rely on them to their detriment.

13. At all relevant times, the Defendants were justified in relying on the Plaintiff's representations.

14. Despite his representations, the Plaintiff is now seeking full payment plus interest on the Notes.

15. The Plaintiff GEORGE J. MCCARTHY has received all monies he was entitled to pursuant to the aforementioned agreement.

16. The Plaintiff GEORGE J. MCCARTHY has acknowledged that the Notes have no value.

17. The Plaintiff never intended to perform as promised, and instead made the fraudulent representations to induce the Defendants to execute the Notes.

WHEREFORE, the Defendants deny that the Plaintiff GEORGE J. MCCARTHY is entitled to any judgment and prays that this Honorable Court dismiss this case with prejudice and costs awarded to these Defendants.

## VERIFICATION

Richard Dempsey, first being sworn on oath, deposes and states that he is a Defendant, individually in the above-captioned matter, that he has read the foregoing document and the statements made herein are true, correct and complete to the best of her knowledge and belief.

*[signature: Richard Dempsey]*
RICHARD DEMPSEY

SUBSCRIBED AND SWORN to before me
this ___5th___ day of SEPTEMBER, 2002.

*[signature]*
Notary Public

OFFICIAL SEAL
JEANNE A CHERECK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/16/06