IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In the matter of | ) | CHAPTER 7 |
| | ) | |
| RICHARD RYAN DEMPSEY and | ) | Case No. 08 B 33951 |
| EILEEN M. DEMPSEY, | ) | |
| | ) | |
| Debtors, | ) | JUDGE JACQUELINE P. COX |
| _____ | ) | |
| | ) | |
| GEORGE J. MCCARTHY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 489 |
| | ) | |
| RICHARD R. DEMPSEY, and | ) | |
| EILEEN M. DEMPSEY | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COUNT II OF THE ADVERSARY COMPLAINT**

NOW COME the Defendants Richard R. Dempsey and Eileen M. Dempsey ("Defendants" or "Debtors"), by and through their attorneys, and for their Reply to Dempsey's Motion to Dismiss Count II of Plaintiff's Complaint, state as follows:

McCarthy alleges that his claim should not be discharged pursuant to §523(a)(18) of the Bankruptcy Code. In his Adversary, Count II is brought "to determine that the debt owed to George McCarthy is nondischargeable on the grounds that the debt owed to George McCarthy was for loans to his pension." (See, Response to Debtor's Motion to Dismiss Count II, page 2) However, the Plaintiff's only claim stems from a judgment obtained by George McCarthy in the Circuit Court of DuPage County, Illinois. (See, Response to Debtor's Motion to Dismiss Count II, page 3). In an attempt to make an end-run around the Bankruptcy Code, McCarthy has

pretended to build his adversary on the statutory foundation of §523(a)(18). It does not work. Because the Plaintiff has failed to state a cause upon which relief can be granted to him under § 523(a)(18), this Honorable Court should grant the Defendant's Motion to Dismiss.

### *MCCARTHY'S CLAIM FOR AN EXCEPTION PURSUANT TO §523 IS LEGALLY BASELESS*

McCarthy's arguments in opposition to Dempsey's Motion to Dismiss are confusing and legally baseless. McCarthy's claim rests solely upon a $2,500,000 judgment entered in state court against Chillicothe Construction Company, Inc. ("Chillicothe") and Richard Dempsey. (See Exhibit A, Debtor's Schedule F and Response to Debtor's Motion to Dismiss Count II, page 3). In Count II, McCarthy, without legal foundation, is asking that this Court treat "the judgment entered in the DuPage case . . . as nondischargeable pension debt." (Response to Debtor's Motion to Dismiss Count II, page 6) McCarthy baselessly asserts that his general unsecured claim without priority is non-dischargeable because it is based on a judgment in his favor, and that it is exempted from discharge because he borrowed the money from a qualified pension plan in order to loan it to Chillicothe. This allegation is clearly absurd and Count II should be dismissed with prejudice.

  A. *§523(a)(18) Is Inapplicable Here Because Dempsey Did Not Have Access to McCarthy's Qualified Pension Plan*

Section 523(a)(18) of the Bankruptcy Code does not apply to the facts and circumstances set forth by the Plaintiff. Even more, the Plaintiff never presents the necessary allegations upon which relief can be granted. In fact, all that McCarthy alleges is that a judgment was entered in state court and that it should be nondischargeable pursuant to §523(a)(18). Therefore, Count II of the Adversary should be dismissed with prejudice.

2

Plaintiff claims that §523(a)(18) is applicable because a judgment entered in favor of McCarthy and against Dempsey in state court was based upon funds from McCarthy's profit-sharing pension that McCarthy ultimately transferred to Dempsey. However, the statute does not allow for such a remedy. In relevant part, "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – (18) owed to a pension, profit-sharing, stock bonus, or other plan established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986." (11 U.S.C. §523(a)(18)). McCarthy is not a pension, profit-sharing, stock bonus, or other plan established under the cited sections of the IRS Code. This is because the qualifying plan creates a trust for the exclusive benefit of an employee. 26 U.S.C. §401(a) (2009). Therefore, McCarthy must plead that he possessed a qualified plan under the Internal Revenue Code, that Dempsey accessed the qualified pension plan with Khalsa owned by McCarthy, and that Dempsey borrowed funds directly from McCarthy's qualified plan.

McCarthy has not alleged that the "profit sharing plan" at the heart of his complaint was established under section 401, 403, 408, 408A, 414, 457, or 501(c). Therefore, any inquiry into nondischargability pursuant to §523 must end. However, even if one were to look beyond the statutory mandate that it be a qualified plan, McCarthy would still need to allege and later prove that Dempsey had the authority, and in fact did borrow from the Khalsa pension account. However, this was also not claimed.

The issue is simple – McCarthy possessed a profit-sharing account with a corporation, Khalsa. McCarthy was the sole owner of the proceeds from the account. As the "sole owner of the Khalsa Corporation Profit Sharing Plan" McCarthy withdrew an amount of money from the

3

account. After McCarthy liquidated some or all of his account with Khalsa, McCarthy forwarded some or all of the proceeds to Dempsey. Dempsey then used those funds, pursuant to a signed agreement, to trade commodities outside of a qualified pension plan. At no time did Dempsey (or any corporation controlled by Dempsey) have the right or privilege to borrow money from a profit sharing account owned by McCarthy. In fact, McCarthy did not even allege this most important fact.

McCarthy has a judgment against Dempsey entered in a state court case. However, under none of the facts or circumstances alleged by the Plaintiff can the state court judgment become a nondischargeable debt pursuant to §523(a)(18). Therefore, Count II of the Plaintiff's Complaint must be dismissed with prejudice.

### B. *McCarthy's Arguments in Opposition to Defendant's Motion to Dismiss Fails to State a Cause for Which Relief Can Be Granted*

Rather than a clear and concise statement of facts, the Plaintiff mixes parties and time-lines to suit his case. For example, the Plaintiff attached loan documents[1] between Khalsa Corporation and Chillicothe Construction to his pleadings. These purported loan documents are alleged to have been signed between August 1990 and May 1992, but the "revised date" stamp on the form Promissory Note is March, 1993. Clearly, a promissory note revised in March of 1993 could not form the basis of an agreement entered in August of 1990.[2]

Then to support his tenuous allegation that these documents qualify as a loan from McCarthy's pension, McCarthy alleged that, "Dempsey's affirmative defenses in the underlying state court verify that he knew that, 'Dempsey was entitled to, share the

---

[1] Dempsey does not waive any claims or objections he has regarding the alleged loan documents.
[2] The Defendant has also filed their Affirmative Defenses which include fraud. We ask that this Honorable Court take judicial notice of the Affirmative Defenses attached hereto as Exhibit B.

4

profits in commodities trading accounts where [George McCarthy] was the account owner and/or beneficiary of said accounts…'". Unfortunately, McCarthy did not attach the entire complaint and affirmative defenses for review so that the Court and parties would have a better understanding of the actual counts and Dempsey's answer. However, it is clear that the Khalsa account referred to in the loan documents and the commodities account referenced in the affirmative defenses are altogether unrelated. Therefore, the statements are only used to change the perception of the truth and should be wholly disregarded.

The truth is that McCarthy, as Dempsey's brother-in-law, knew that Dempsey was a successful commodities trader on the Chicago Mercantile. In an effort to increase his retirement savings, McCarthy withdrew money from his profit-sharing account at Khalsa and diverted the proceeds to Dempsey so that he could invest and trade the money in the commodities market. In essence, the entire transaction was a reallocation of assets by McCarthy, from a profit-sharing account to a commodities trading account. At no point was the commodities trading account subject to any §523 exceptions because it was not a qualified plan.

Even if the loan documents are considered proper in respect to the clear date problems, McCarthy still cannot overcome the hurdle that they are signed by Mr. Dempsey on behalf of Chillicothe, an entity that is not a party to this bankruptcy. McCarthy never alleges circumstances which would allow McCarthy to enforce a loan between Khalsa and Chillicothe against Mr. Dempsey individually in a bankruptcy proceeding. While in the state proceeding, McCarthy pled that the corporation was an alter-ego, he has not done so here. In essence, the allegations lack the clarity and specificity needed to put a defendant on notice of the claims

alleged.  FED. RULE OF CIV. PRO RULE 12(b)((6).

Further, as argued in Defendant's original motion, McCarthy comes to this court of equity seeking relief with unclean hands.  This Court should not assist him to achieve his illegal goals.

**WHEREFORE**, Defendants respectfully ask that the Court dismiss Plaintiff's Complaint with prejudice since Plaintiff comes to the court seeking equitable relief with unclean hands and since, under the facts, Plaintiff cannot state a cause of action under 11 U.S.C. §523(a)(18).


                                        Respectfully submitted,
                                        RICHARD AND EILEEN DEMPSEY

                              By:       /s/ Forrest L. Ingram
                                        One of their attorneys


Forrest L. Ingram, #3129032
Michael V. Ohlman #6294512
FORREST L. INGRAM, P.C.
79 W. Monroe, Ste 900
Chicago, IL 60603
(312) 759-2838