Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In the matter of | ) | CHAPTER 7 |
| | ) | |
| RICHARD RYAN DEMPSEY and | ) | Case No. 08 B 33951 |
| EILEEN M. DEMPSEY, | ) | |
| | ) | |
| Debtors, | ) | JUDGE JACQUELINE P. COX |
| | ) | |
| | ) | |
| GEORGE J. MCCARTHY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 489 |
| | ) | |
| RICHARD R. DEMPSEY, and | ) | |
| EILEEN M. DEMPSEY | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S AFFIRMATIVE DEFENSE TO COMPLAINT
TO DETERMINE DISCHARGEABILITY OF DEBT
UNDER 11 U.S.C. § 727(a) and 11 U.S.C. § 523(a)(18)**

NOW COME the Defendants Richard R. Dempsey and Eileen M. Dempsey ("Defendants" or "Debtors"), by and through their attorneys, and for their Affirmative Defenses to the Complaint filed by Plaintiff George J. McCarthy, state as follows:

**UNCLEAN HANDS**

1. The Court should dismiss Plaintiff's Complaint with prejudice because Plaintiff comes to this court of equity, seeking relief with unclean hands.

2. Plaintiff has fraudulently attached to Count II of his complaint Exhibits F – Q, purporting to be two sets of promissory notes, both dated from August 1990 through May 1992. The first set is attached hereto as **Group Exhibit 1**; the second set as **Group Exhibit 2**.

3. The first set of notes is between Huntfort Corporation Profit Sharing Plan and Chillicothe Construction Co., Inc.; the second set is between Khalsa Corporation Profit Sharing Plan and Chillicothe Construction Co., Inc.

4. The second set of promissory notes, however, is fraudulent. All are dated prior to June 1992. But Khalsa Corporation was not incorporated until February 1993. See information from the Missouri Secretary of State, attached hereto as **Exhibit 3**.

6. The second set of promissory notes made use of Form A 293. (See Group Exhibit 2). As indicated at the bottom of the form, Form A 293 was revised in March 1993, almost three years after the date the first note using that form was purportedly signed.

7. Therefore, on their face, paragraphs 77-94 contain blatantly false allegations, since they assert that Chillicothe borrowed money from Khalsa Corporation well before that corporation existed, and signed promissory notes for the indebtedness, making use of a form that did not exist at the time the note was purportedly signed.

8. Plaintiff George McCarthy has engaged in similar activity before, having been held in contempt by the Probate Court of the County of Greenville, South Carolina in Case No. 03 CH 23 05929, In re: Estate of Geraldine M. McCarthy, Deceased, wherein Eileen Dempsey (George McCarthy's sister and Geraldine McCarthy's daughter), acting as Personal Representative of her deceased mother and as Petitioner, sought a finding of contempt against George McCarthy, Respondent.

9. In that case, the court entered judgment against George McCarthy in the sum of $30,7813.13, citing (among other reasons) the facts that Respondent filed a Last Will and Testament in the case, listing only himself and another sister as heirs, and listing the

2

estate's assets as $2,000.00. The court found that the will was invalid and that it was knowingly submitted as invalid by the Respondent. See **Group Exhibit 4**, p. 1, ¶ 2.

10. In its ruling, the Court stated that the record in this estate was "troublesome." "Not only has the Respondent submitted an invalid will, but he has also submitted an affidavit that is blatantly false . . . This constitutes an effort to perpetrate a fraud upon the Court." **Group Exhibit 4.**, p. 2, ¶ 2.

11. In the instant case, George McCarthy is again submitting invalid documents and false allegations and asking the court to aid him in achieving his unlawful, unethical, and inequitable goals.

12. It is a principle of the foundation of equity that to have standing the complainant must come into court with clean hands. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 244, 54 S.Ct. 146, 147, 78 L.Ed. 293 (1933). A party has unclean hands when, as in the instant case, the party has acted in bad faith and the bad faith actions have "immediate and necessary relation" to the equitable remedy being sought. *Keystone Driller*, 290 U.S. at 245, 54 S.Ct. at 147.

13. Here, McCarthy's filing false and fraudulent documents to trick the court into ruling in his favor is clearly a bad faith action that has an "immediate and necessary relation" to the equitable remedy being sought.

14. The Supreme Court has noted that the principle of unclean hands "gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. It is not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion." *Precision Inst. Mfg. Co. v. Automotive M.M. Co.*, 324 U.S. 806, 65 S.Ct. 993, 997, 89 L.Ed. 1381 (1945) (internal quotations omitted).

3

15. The doctrine of "unclean hands" implies that the plaintiff's fault, like the defendant's, may be relevant to the question of what if any remedy the plaintiff is entitled to. *Shondel v. McDermott*, 775 F.2d 859, 868 (7th Cir. 1985)

WHEREFORE, Defendants respectfully ask that the Court dismiss Plaintiff's Complaint with prejudice since Plaintiff comes to the court seeking equitable relief with unclean hands.

Respectfully submitted,

Richard and Eileen Dempsey
By:
/s/ Forrest L. Ingram
One of their attorneys

Forrest L. Ingram, #3129032
FORREST L. INGRAM, P.C.
79 W. Monroe, Ste 900
Chicago, IL 60603
(312) 759-2838