IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 7 |
| | ) | |
| RICHARD RYAN DEMPSEY and | ) | Case No. 08 B 33951 |
| EILEEN M. DEMPSEY, | ) | |
| | ) | |
|    Debtors, | ) | JUDGE JACQUELINE P. COX |
| _____ | ) | |
| | ) | |
| GEORGE J. MCCARTHY, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 489 |
| | ) | |
| RICHARD R. DEMPSEY, and | ) | |
| EILEEN M. DEMPSEY | ) | |
| | ) | |
|    Defendants. | ) | |

**MOTION FOR LEAVE TO APPEAL**

    NOW COMES, the Debtors, Richard Ryan Dempsey and Eileen M. Dempsey, by and through their counsel, Forrest L. Ingram P.C., and for their Motion for Leave to Appeal the order entered by this Honorable Court on November 11, 2009, and pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8003, respectfully states as follows:

1. Richard Ryan Dempsey and Eileen M. Dempsey, ("the Debtors") filed for relief under chapter 7 of Title 11 of the United States Code on 12/11/2008. On September 16, 2009, the Debtors were granted their discharge.

2. On June 17, 2009, McCarthy filed a two-count adversary proceeding challenging discharge pursuant to 11 U.S.C. § 727 and the dischargeability of certain debts pursuant to 11 U.S.C. § 523(a)(18). The Debtors filed their Answer and Affirmative Defenses to Count I and a Motion to Dismiss Count II on September 15, 2009. After

   a briefing schedule and hearing on the motion, the Court denied the Debtors' Motion to Dismiss Count II of the Complaint.

3. The Debtors are seeking a review of the Court's order of November 18, 2009, which denied the Debtors' Motion to Dismiss Count II of the Adversary Complaint.

4. In sum, Count II of McCarthy's Complaint uses 11 U.S.C. § 523(a)(18) to challenge the dischargeability of a judgment entered in state court proceeding from DuPage County, captioned 00-L-933.  The statute does not allow an individual holding a state court judgment to challenge the dischargeability of a debt based solely on the judgment

5. The Plaintiff also alleges that the reasons underlying the judgment subject it to a § 523(a)(18) inquiry.

6. It is alleged that McCarthy (an individual) "loaned" Chillicothe Construction money to invest in the commodities market.  Chillicothe Construction was owned and operated by Richard Dempsey who is also a successful commodities trader.

7. The Plaintiff then alleges that § 523(a)(18) applies to the judgment because if the Court traces the money McCarthy gave to Dempsey, it will find that the funds originally came from McCarthy's pension or profit sharing account.  However, the Plaintiff never claims that McCarthy's pension plan was established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986, nor do they claim that a pension plan loaned Dempsey the money (in fact, the purported loan documents were created after the loan was alleged to occur, as outlined in the Debtors affirmative defenses) or that Dempsey had any right to borrow money from the pension plan.  These elements are required by the statute but are missing from the

   Plaintiff's complaint.

8.  Therefore, McCarthy does not have standing to assert a § 523(a)(18) claim. Additionally, the statute does not provide relief to an individual that borrowed money from his own pension plan and loaned those funds to a third-party.

9.  The Debtors are asking the Appellate Court to overturn the November 18, 2009 order denying the Debtors' Motion to Dismiss Count II, so that this matter may proceed to trial based on Count I of the Adversary Complaint.

10.  More specifically, the issues presented by the Debtors are: (a) whether a judgment creditor in a chapter 7 bankruptcy, that is not a plan as established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986, has standing to challenge the dischargeability of a state court judgment because the judgment creditor liquidated a portion of his profit-sharing plan and then invested the proceeds in a commodities account managed by the debtor; and (b) whether an individual creditor may rely upon § 523(a)(18) when challenging the dischargeability of a state court judgment.

11.  The reason the Debtors seek to have their questions reviewed is because the order entered on November 18, 2009 involves a question of law as to which there is no controlling decision of the court of appeals for the 7th Circuit or of the Supreme Court of the United States.  In fact, since Congress replaced the existing version of section 523(a)(18) with a new category of debt in 2005, there are no recorded cases in any Circuit which address the specific issue of whether an individual creditor may challenge the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(18).

WHEREFORE, the Debtors, Richard Ryan Dempsey and Eileen M. Dempsey, request that this Honorable Court grant their Motion for Leave to Appeal, and grant Debtors such other and further relief as may be just.

Dated: November 30, 2009

                                              Signed: _____/s/ Forrest L. Ingram_____
                                                              Attorney for the Debtors

Forrest L. Ingram
Michael V. Ohlman
FORREST L. INGRAM P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312)759-2838